## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA - GREAT FALLS DIVISION

| | |
|---|---|
| JASON MADILL, TAMARA MADILL, and FOUR TEN CENTRAL LLC, | Cause No.: CV 24-114-GF-SPW |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| T-MOBILE WEST LLC, DOES 1-4, AND X, Y, Z COMPANIES, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| LEGACY TELECOMMUNICATIONS, LLC, | |
| Third-Party Defendant. | |

THIS MATTER came before the Court came before the Court on the Parties' Joint Motion for Entry of Stipulated Protective Order, which Protective Order will govern certain documents, records, materials, and information obtained by counsel for the parties during the course of discovery. The Court, being fully advised in the premises finds and orders as follows:

Page 1 of 13

**IT IS HEREBY ORDERED**:

1.    This matter may require the disclosure of information and production of materials containing confidential, proprietary, sensitive business and other protected or privileged information by any Party to this action. In order to facilitate discovery in this matter, the Court, pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d), enters this Stipulated Protective Order (the "Protective Order").

2.    T-Mobile's or Legacy Telecommunications, LLC's financial records, internal communications, reports gathered in anticipation of litigation, sensitive trade-secret information, including market practices, policies, and construction standards, contracts, bid awards, and other pricing information, and any other proprietary business information of T-Mobile or Legacy Telecommunications, LLC, as well as any personally identifiable information ("PII")[1] of employees, shall be subject to this Protective Order and held confidential by the Parties and their attorneys.

3.    The following T-Mobile and Legacy Telecommunications, LLC documents and materials shall be subject to this *Stipulated Protective Order* and held confidential by the Parties and their attorneys.

- All documents/materials related to internal communications between T-Mobile or Legacy Telecommunications, LLC employees and third-party vendors;

---

[1] PII means an individual's name, address, or social security number.

- All documents/materials and reports gathered by T-Mobile or Legacy Telecommunications, LLC in anticipation of this or other litigation;

- All documents/materials containing or referencing sensitive trade-secret information, including T-Mobile's or Legacy Telecommunications, LLC's market practices, construction standards, T-Mobile's or Legacy Telecommunications, LLC's contracts and bid awards to contractors, pricing information, and other policies;

- All documents and materials related to the finances or ownership of T-Mobile or Legacy Telecommunications, LLC;

- All documents/materials containing personal information of T-Mobile or Legacy Telecommunications, LLC employees;

- Any other documents/materials the public disclosure of which might constitute an invasion of privacy, or that would reveal trade secrets or other confidential and/or privileged personal, commercial, proprietary business, or financial information.

4.    The aforementioned documents/materials shall be collectively referred to as "Confidential material."

Page 3 of 13

5.    The Parties may exchange Confidential material as part of routine discovery in this case. Designated records shall be subject to this Protective Order. This Protective Order does not determine the discoverability, relevance, or admissibility of any materials that may be requested in discovery or produced pursuant to this Protective Order or preclude any other means or mechanisms provided by the Federal Rules of Civil Procedure. The Parties reserve their respective rights to object to discovery requests.

6.    Due to the potential voluminous discovery production in this action, and to facilitate the flow of discovery production, at the time of initial production the producing party may designate an entire document as "Confidential" if it believes in good faith that any part of the document is confidential or if the document falls within a category of documents that the designating party believes is likely to contain a large volume of Confidential material.

7.    All documents stamped or otherwise labeled "Confidential" pursuant to this Protective Order, and all copies thereof, shall not be redisclosed except as provided herein. Further, it is ordered that these materials shall be maintained by the attorneys of record in this matter at their respective offices and shall only be transmitted via email or via secure electronic file transfer (Dropbox, Sharefile, etc.) protected by a password.

8.     To the extent that information stored or recorded in the form of electronic media (including information, files, databases, or programs stored on any digital device, computers, Internet sites, discs, networks, et al.) ("Electronically Stored Information" or "ESI") is produced by any Party in such form, the producing Party may designate such materials as Confidential material by marking the folder or container in which the media is produced "CONFIDENTIAL." For ESI produced in native format, designation of documents as "Confidential" may be made in a produced metadata field or in the file name. Whenever any Party receives ESI produced in native format that have been designated as Confidential, if such Party reduces such material to hardcopy form, that Party shall mark the hardcopy form with the "Confidential" designation.

9.     A Party may designate the transcript of any deposition in this action or any portion thereof, including exhibits thereto, as Confidential by either so advising the court reporter and the Parties on the record during the taking of the deposition or within thirty (30) days after receipt of the deposition transcript by written designation served upon the Parties. If all or any portion of a deposition is designated as being subject to this Protective Order, the court reporter and any Parties possessing any transcripts shall label the cover page of each transcript or copy thereof to state that the deposition includes Confidential material, and shall label as

"Confidential" each of the pages of the transcript or exhibits that contain Confidential material.

10. Any production of any Confidential material will not result in or be construed as a waiver, in whole or in part, of (a) the producing Party's claims of confidentiality or privilege as to the specific information disclosed or more generally as to the subject matter of the information disclosed, or (b) the producing Party's right to later designate the material as Confidential pursuant to this Protective Order. In the event that a Party produces any Confidential, proprietary, or privileged material without labeling the document "Confidential", the Party may subsequently designate the material as Confidential at any time by forwarding to the opposing Party copies of the material bearing the label "Confidential" and requesting that the opposing Party destroy all prior copies of the Confidential material. Upon receipt of such a request, the opposing Party shall destroy all copies of Confidential material as originally produced and replace them with copies bearing the "Confidential" label.

11. Written and oral communications between or among counsel for the Parties that refer or discuss Confidential material shall be subject to this Protective Order.

12. Confidential materials shall be treated by the Parties and their counsel as being confidential and private. Any copy made of Confidential material shall have the same status as the original. The disclosure and use of Confidential material shall be confined to the permissible disclosures and uses set forth below. Confidential

material shall be used (if otherwise relevant and admissible, and the Parties reserve all arguments as to relevance and admissibility) solely for the litigation of this action, including any appeals. Confidential material shall not be used for any other purposes without separate written agreement of the Party that produced the Confidential material. All other disclosures and use of Confidential material during the pendency of this action or after its termination are hereby prohibited. Nothing in this Protective Order, however, precludes T-Mobile or Legacy Telecommunications, LLC from making disclosures to government authorities to the extent that it is required by law to disclose Confidential material.

13. Confidential material may be disclosed only to the following persons and only insofar as it is reasonably necessary to the effective prosecution of the Parties' claims and defenses (and, again, the Parties reserve all arguments as to relevance and admissibility):

    a. Parties, their representatives, in-house counsel and regular employees who are actively engage in or actively overseeing this action, or are involved in complying with T-Mobile's or Legacy Telecommunications, LLC's legal obligations, if any, to provide information to governmental authorities;

    b. Counsel of record in this action, including their associated attorneys, paralegal and secretarial personnel, and other support staff;

c. Experts and consultants (including their employees) who are retained by a Party to assist in this action;

d. Third-party contractors and their employees who are retained by one or more Parties to provide litigation support or copy services in connection with this action;

e. Witnesses or prospective witnesses in this action;

f. Court reporters and other persons involved in recording deposition testimony in this action;

g. Court personnel of this Court, or, if on appeal, of a court with appellate jurisdiction; and

h. Jurors in this action.

Counsel for each Party disclosing Confidential material in accordance with this paragraph shall (i) advise each person to whom such disclosure is made (except Court personnel, jurors, and government authorities) of the terms of this Protective Order and of the obligation of each such person to comply with those terms and (ii) provide a copy of this Protective Order to each such person. Prior to the disclosure of any Confidential material to any person identified in subparagraphs c, d, e, and f above, such person shall sign an Acknowledgment, in the form attached hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. Counsel shall maintain a list of persons to whom Confidential

material is disclosed (excluding jurors, Court personnel, and government authorities).

14. Disclosure of Confidential material in accordance with this Protective Order shall not effect, nor shall it be deemed to effect a waiver of, the attorney-client privilege, the work-product privilege and immunity, or any other privilege or immunity from disclosure to which such Confidential material may be entitled, whether in this action or in any other action or as to any non-party, for the produced document or any other withheld document covering the same or similar subject matter.

15. Each Party agrees that in the event it is served by a non-party with a subpoena or request for production of Confidential material originally received from another Party, it will give sufficient notice to allow the producing Party a reasonable opportunity to intervene to oppose such production. The notice shall include a description of the material sought, the date and location for compliance with the subpoena or request, the identity of the requester of the Confidential material, the docket number of the matter where requested, and all other information reasonably necessary to intervene and oppose such production.

16. Upon the final termination of this action, including any appeals related thereto, the producing Party will send a letter to the receiving Party that will state the lawsuit has concluded and will request that all Confidential material be returned

or destroyed. Within thirty (30) days after receipt of that letter, all attorneys in possession of Confidential material shall return all Confidential material to the disclosing Party, or, alternatively, shall immediately destroy all such Confidential material.

17. This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other lawsuit, nor shall this Protective Order imply that material designated (or not designated) as Confidential material under the terms of this Protective Order is properly discoverable, relevant, or admissible in this or any other lawsuit. The Parties reserve all arguments as to the relevance and admissibility of any documents produced in the course of discovery, including but not limited to those produced pursuant to this Protective Order.

18. Any documents produced prior to entry of this Protective Order, or that are produced by someone other than the party asserting confidentiality (e.g., documents produced pursuant to a subpoena), may be retroactively designated as Confidential material within a reasonable time.

19. All Confidential material referenced in or filed as an exhibit to any brief, memorandum, or pleading, or used at any hearing or trial in this matter, and all depositions filed with the Court in which Confidential Information is disclosed or discussed by way of testimony, exhibits or otherwise, shall be filed with the Court under seal or as a non-public document, and shall be marked with the following:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

20.    To the extent feasible, all Confidential information referenced to or filed as exhibits to any brief, memorandum, or pleading, or used at any hearing or trial in this matter, and all depositions filed with the Court in which Confidential material is disclosed or discussed by way of testimony, exhibits or otherwise, shall be prepared in such a manner that the Confidential material is bound separately from information that is not entitled to protection under this Protective Order.

21.    After termination of this matter or any related discrimination proceeding, whether by trial, hearing, appeal, settlement or otherwise, the provisions of this Protective Order with respect to the use and dissemination of Confidential Information shall continue to be binding.

22.    This Protective Order has no effect upon, and its scope shall not extend to, any Party's use of his or her own Confidential material which the Party produces under this Protective Order.

23.    This Protective Order can be modified only by Order of this Court. Each Party reserves the right to object to any Party's motion or request to modify this Protective Order. If the Parties disagree as to whether certain documents or other materials should be labeled as CONFIDENTIAL and subject to this Protective Order, they shall attempt to resolve their differences in good faith before bringing the matter to the Court for resolution.

24. The provisions of this Protective Order shall be binding upon the Parties hereto, their successors, representatives and assigns, as well as all counsel for the Parties hereto.

DATED this _27th_ day of May, 2025.

By the Court:

_Susan P. Watters_
United States District Judge

**APPROVED AS TO FORM AND CONTENT:**

GORDON REES SCULLY MANSUKHANI, LLP

By ___/s/ Michael P. Sarabia_____.
      Michael P. Sarabia

DUBOIS MILLS, PLLC d/b/a 406 ATTORNEYS

By ___/s/ Neal P. DuBois_____.
      Neal P. DuBois

MURPHYMYERS PLLC

By ___/s/ Jesse Myers_____.
      Jesse Myers

MATOVICH, KELLER & HUSO, P.C.

By ___/s/ Ryan J. Gustafson_____.
      Ryan J. Gustafson
      **Exhibit A**

## <u>CONFIDENTIALITY AGREEMENT AND ACKOWLEDGMENT OF STIPULATED PROTECTIVE ORDER</u>

I, _____, hereby acknowledge that I am about to receive Confidential material as defined in the Stipulated Protective Order agreed to by the Parties in the United States District Court for the District of Montana, Great Falls Division, Cause No.: CV 24-114-GF-SPW.

I certify my understanding that the Confidential material is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order, and that I have been given a copy of and have read and understood my obligations under the Stipulated Protective Order. I hereby agree to be bound by the terms of the Stipulated Protective Order. I clearly understand that Confidential material and my copies of notes relating thereto may only be disclosed to or discussed with persons allowed under the Stipulated Protective Order to receive such information and used only in connection with the above-named action. I will return upon request all materials containing Confidential material and all copies thereof.

I hereby submit to the jurisdiction of the United Stated District Court for the District of Montana, Great Falls Division, for the purposes of enforcement of the Stipulated Protective Order and waive any and all objections to jurisdiction and venue.

I make all statements above under penalty of perjury.

Signature: _____  Date: _____

Printed name: _____

Company name/address/phone:

_____

_____

_____