IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JASON MADILL, TAMARA MADILL, and FOUR TEN CENTRAL LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>T-MOBILE WEST LLC, DOES 1–4, and X, Y, Z COMPANIES,<br><br>Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>LEGACY TELECOMMUNICATIONS, LLC,<br><br>Third-Party Defendant. | CV 24-114-GF-SPW<br><br>ORDER DENYING PLAINTIFFS' MOTION TO HOLD TRIAL IN THE GREAT FALLS DIVISION |

Before the Court is Plaintiffs' Motion to Hold Trial in the Great Falls Division. (Doc. 101). Defendant T-Mobile West LLC ("T-Mobile") and Third-Party Defendant Legacy Telecommunications, LLC ("Legacy") oppose the Motion. (Docs. 109, 110). The Motion is fully briefed and ripe for the Court's review.

This case was removed from the Montana Eighth Judicial District Court, Cascade County, to this Court on December 13, 2024. (Doc. 1). It was reassigned from a magistrate judge to the undersigned judge on January 7, 2025. (Doc. 6).

1

While the case remains pending in the Great Falls Division, the Court set trial to take place at the James F. Battin Courthouse in the Billings Division. (Docs. 17, 91). Plaintiffs now seek to move the location of trial to the Missouri River Courthouse in Great Falls.

For the following reasons, the Court denies the Motion.

## I. Discussion

### A. Venue

Plaintiffs first argue that: (1) trial should take place in the Great Falls Division because federal statute prohibits transfer of venue to Billings; (2) the Great Falls Division is the only proper venue; and (3) Ninth Circuit precedent instructs that the trial should be held in Great Falls. (Doc. 102 at 5–15). Plaintiffs are incorrect.

Federal venue is determined at the district level. 28 U.S.C. §§ 1390–91. For federal venue purposes, the State of Montana is a single judicial district, and therefore a single venue under the federal venue statutes. 28 U.S.C. § 106 ("Montana, exclusive of Yellowstone National Park, constitutes one judicial district."). Venue is proper if the case meets § 1391 requirements anywhere in the District of Montana (the "District"), as was the case here. *See* 28 U.S.C. § 1391 ("A civil action may be brought in . . . a judicial *district* in which a substantial part of the events . . . giving rise to the claim occurred.") (emphasis added); (Doc. 41 at 3); (Doc. 139 at 6).

2

In addition to federal statutory requirements, the District has enacted venue rules for filing cases pursuant to its statutory authority. *See* 28 U.S.C. § 137 ("The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court."); Fed. R. Civ. P. 83(a)(1) ("[A] district court . . . may adopt and amend rules governing its practice."). The District has established five divisions where cases may be filed: Billings, Butte, Great Falls, Helena, and Missoula. L.R. 1.2(c). When commencing an action, Local Rule 3.2(b) governs which division is proper for venue purposes. Pursuant to that rule, T-Mobile properly removed Plaintiffs' complaint from state district court to the Great Falls Division, which encompasses Cascade County, the place where the alleged injuries occurred. L.R. 3.2(b) ("[V]enue is proper in any division of the court containing a county of proper venue under the laws of the State of Montana."); Mont. Code Ann. § 25-2-121(1)(b) (2021) ("The proper place of trial for actions upon contracts is . . . the county in which the contract was to be performed."); Mont. Code Ann. § 25-2-122(1)(b) ("[T]he proper place of trial for a tort action is . . . the county in which the tort was committed."). Since that removal, venue has not changed, and the case remains assigned to the Great Falls Division.

Although venue has not changed, Plaintiffs seem to suggest that because the case was reassigned to an "out-of-division" judge, that judge should be prohibited from setting an "out-of-division" trial without first giving Plaintiffs the "opportunity

to oppose . . . transfer." (Doc. 102 at 8). However, Plaintiffs seem to conflate the concept of venue transfer with reassignment. Transfer generally involves moving a case to a different judicial district or division, as illustrated by Plaintiffs' arguments, which rest entirely on a transfer of venue analysis under 28 U.S.C. § 1404 and cases analyzing a venue transfer from one district to another. (*Id.* at 8–15 (citing *Ctr. for Biological Diversity v. Spellmon*, No. CV-21-47-GF, 2022 WL 3541879 (D. Mont. Aug. 18, 2022) (transfer from District of Montana to District of Columbia); *Payne v. City of Atascadero*, No. C03-4892, 2003 WL 22939227 (N.D. Cal. Nov. 18, 2003) (transfer from Northern District of California to Southern District of California); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) (reviewing a transfer from California to Pennsylvania); *Hillerich & Bradsby Co. v. ACE Am. Ins.*, No. CV 11-75-4, 2012 WL 2359488 (D. Mont. June 20, 2012) (venue transfer analysis from District of Montana to Southern District of New York)).

Unlike venue transfer, reassignment is an administrative change moving a case from one judge to another within the same district. Reassignment does not inherently change the division or the venue of the case. It is an internal court-management function for reasons related to docket management, conflicts, or related case reasons. Reassignment therefore does not create a basis for a venue challenge under 28 U.S.C. § 1404. *See, e.g., Curtis v. Egan*, No. 6:17cv576, 2019 WL 2588322, at *2 (E.D. Tex. May 10, 2019). Nor does it diminish the Court's

4

discretionary authority to designate trial locations. L.R. 3.2(d). Although a case is ordinarily "tried in the division to which the case is assigned," the Court may "in its discretion, order[] trial in another division." *Id.* Consistent with that authority, the Court's initial scheduling order set this matter for trial in the Billings Division, and that place setting has remained unchanged since March 17, 2025. (Docs. 17, 91). Because no transfer of venue has occurred or was requested, and because the Court acted within the discretion afforded by the local rules, there is no basis to undertake the transfer of venue analysis argued by Plaintiffs.

### B.    Jury Pool

Plaintiffs next argue that a Billings Division jury pool would not "meaningfully fulfill the statutory mandate" under the Jury Selection and Service Act ("JSSA") and the District's Jury Plan, thereby depriving Plaintiffs of a jury from a fair cross section of "the relevant community." (Doc. 102 at 16–21). Although T-Mobile and Legacy did not respond to Plaintiffs' jury pool arguments, the Court finds that the JSSA and the District's Jury Plan require the jury to be drawn from the place where the court sits—in this case, the Billings Division.

The JSSA provides that "all litigants in [f]ederal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the *district or division* wherein the court convenes." 28 U.S.C. § 1861 (emphasis added). Consistent with this mandate, the District's Jury

5

Plan instructs the clerk to align Montana counties into four jury management divisions: Billings, Butte/Helena, Great Falls, and Missoula. (Doc. 102-2 at 7); *see e.g., United States v. Cannady*, 54 F.3d 544, 548 (1995) ("The division of districts by counties is a practice that has long been accepted."). There is a separate divisional master jury wheel for each of the jury management divisions from which jurors are selected for service. (Doc. 102-2 at 7). This means that if a trial is held in the Billings Division, jurors are selected from a master jury wheel for the Billings Division. In this way, the District Jury Plan aligns with the JSSA, which requires that jurors be selected from the "district or division wherein the court convenes." *See* 28 U.S.C. § 1861. The jury pool follows the location.

Accordingly, because the Court has exercised its discretion under the local rules to convene trial in Billings, the JSSA and the District's Jury Plan require use of the Billings jury wheel.

## II.   Conclusion

IT IS HEREBY ORDERED that Plaintiffs' Motion to Hold Trial in the Great Falls Division (Doc. 101) is DENIED.

DATED this _16th_ day of April, 2026.

SUSAN P. WATTERS
United States District Judge

6